J-S68034-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ROBERT ANTHONY JACKSON | |
| Appellant | No. 3180 EDA 2014 |

Appeal from the Judgment of Sentence November 10, 2014
In the Court of Common Pleas of Chester County
Criminal Division at No(s): CP-15-CR-0001955-2013

BEFORE:   BENDER, P.J.E., DONOHUE, J., and MUNDY, J.

MEMORANDUM BY MUNDY, J.:                    **FILED DECEMBER 30, 2015**

Appellant, Robert Anthony Jackson, appeals from the November 10, 2014 aggregate judgment of sentence of 83 to 167 years' imprisonment, imposed after a jury found him guilty of one count of involuntary deviate sexual intercourse (IDSI) with a child, four counts each of aggravated indecent assault on a child without consent and aggravated indecent assault on a child, and two counts each of endangering the welfare of children (EWOC), corruption of minors, and indecent assault on a child.[1] Contemporaneously with this appeal, Appellant's counsel has filed a petition

_____

[1] 18 Pa.C.S.A. §§ 3123(b), 3125(a)(1), 3125(b), 4304(a), 6301(a), and 3126(a), respectively.

to withdraw with this Court and an **Anders**[2] brief.[3]  After careful review, we vacate and remand for resentencing and deny counsel's petition to withdraw.

In its opinion, the trial court thoroughly details the facts of the case and the evidence adduced at trial, and we adopt its comprehensive recitation for the purpose of this appeal.  **See** Trial Court Opinion, 5/13/15, at 2-4. Briefly, between February and May 2013, Appellant served as an occasional babysitter to two brothers, J.G. and C.G., ages six and nine, respectively. While entrusted with the care of the children, Appellant sexually abused them.   Specifically, J.G. revealed Appellant touched J.G.'s penis and penetrated his rectum with his fingers.  C.G. revealed Appellant performed oral sex on him, penetrated his rectum with his fingers, and fondled his penis.  The children maintained the assaults occurred multiple times.

On June 13, 2013, the Commonwealth filed an information charging Appellant with IDSI with a child and numerous related offenses.  The Commonwealth, thereafter, filed an amended information on January 14, 2014.  Therein, the Commonwealth notified Appellant that the charges of IDSI with a child and aggravated indecent assault on a child carry mandatory minimum sentences pursuant to 42 Pa.C.S.A. § 9718.  Amended

---

[2] **Anders v. California**, 386 U.S. 738 (1967).

[3] This case returns to us following our order remanding and instructing Appellant's counsel to either file an advocate's brief or a procedurally compliant **Anders** Brief.  Superior Court Order, 11/23/15.

Information, 1/14/14, at 1-4.  On August 5, 2014, Appellant proceeded to a three-day jury trial. At the conclusion of the trial, on August 8, 2014, the jury convicted Appellant of the aforementioned offenses.  The remaining charges were withdrawn.  On November 10, 2014, the trial court determined Appellant to be a sexually violent predator and imposed an aggregate sentence of 83 to 167 years' imprisonment.[4]  Appellant did not file a post-sentence motion.  On November 12, 2014, Appellant filed a timely notice of appeal.[5]

Appellant's counsel advances the following question for this Court's review.

> Whether the trial court erred by giving an instruction stating that the testimony of the victims standing alone, without other corroboration, if believed, is sufficient proof upon which to find [Appellant] guilty[?]

***Anders*** Brief at 4.

_____

[4] Specifically, the trial court imposed a term of imprisonment of twenty-five to fifty years for IDSI with a child and one count of aggravated indecent assault of a child, to run consecutively; consecutive ten to twenty years on three counts of aggravated indecent assault of a child; and a consecutive three to seven years for one count of EWOC.  Sentencing Order, 11/10/14, at 1-4; N.T., 11/10/14, at 22. The trial court sentenced Appellant to three to seven years on the second count of EWOC and on each count of corruption of minors, to run concurrent to the sentences already imposed.  ***Id.***

[5] The trial court and Appellant have complied with Pennsylvania Rule of Appellate Procedure 1925.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa. Super. 2010) (citation omitted). Additionally, an *Anders* brief shall comply with the requirements set forth by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009).

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361.

Pursuant to *Commonwealth v. Millisock*, 873 A.2d 748 (Pa. Super. 2005) and its progeny, counsel seeking to withdraw on direct appeal must also meet the following obligations to his or her client.

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." *Commonwealth v. Goodwin*, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*), *quoting Commonwealth v. Wright*, 846 A.2d 730, 736 (Pa. Super. 2004). Further, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnote and citation omitted).

In the instant case, we conclude that counsel's *Anders* brief complies with the requirements of *Santiago*. First, counsel has provided a summary of the case with citations to the record. Second, counsel refers to portions of the record that could arguably support an appeal and explains why any issue raised would be frivolous. Third, counsel has "determined the claims … are wholly frivolous." *Anders* Brief at 10. Lastly, counsel has included his reasons that support his conclusion that the appeal is frivolous. *Id.* at 9. Counsel has also attached to his petition to withdraw proof of his compliance with the requirements of *Millisock*. Specifically, counsel advised his client that he has concluded that the appeal is frivolous, that Appellant has the right to hire a new attorney, to proceed *pro se*, or to raise any additional

- 5 -

points for this Court's consideration. **See** Petition to Withdraw, 12/7/15, at 1-2; **Anders** Brief at Appendix C (correspondence to Appellant). Appellant has not taken any action in this Court in response to said advice. Accordingly, we proceed to conduct an independent review to ascertain if the appeal is indeed wholly frivolous.

In the sole issue before us, counsel advances it was error for the trial court to instruct the jury that the testimony of the victims, alone, is sufficient evidence to convict Appellant. **Anders** Brief at 7. We review such challenges mindful of the following.

> When reviewing a challenge to part of a jury instruction, we must review the jury charge as a whole to determine if it is fair and complete. A trial court has wide discretion in phrasing its jury instructions, and can choose its own words as long as the law is clearly, adequately, and accurately presented to the jury for its consideration. The trial court commits an abuse of discretion only when there is an inaccurate statement of law.

**Commonwealth v. Conaway**, 105 A.3d 755, 760 (Pa. Super. 2014) (citation omitted), *appeal denied*, 118 A.3d 1107 (Pa. 2015).

The trial court instructed the jury as follows, regarding the testimony of the two children.

> With respect to the testimony of the two boys, their testimony, standing alone, if believed by you, is sufficient proof upon which to find [Appellant] guilty in this case, if it is believed by you. The testimony of the victim in a case such as this need not be supported by other evidence to sustain a conviction. Thus[,] you may find [Appellant] guilty if the testimony of the boys convinces you beyond a

- 6 -

reasonable doubt that [Appellant] is guilty. And in making such determinations[,] you apply all of the other factors that I presented to in determining the credibility and weight of the testimony.

N.T., 8/8/14, at 80-81.

Instantly, we find no error in the trial court's instruction. First, we note the language of the trial court substantially tracked the language of Pennsylvania Suggested Standard Criminal Jury Instruction § 4.13B. **See Commonwealth v. Trippett**, 932 A.2d 188, 201 (Pa. Super. 2007) (discussing the appropriateness of instructing the jury that uncorroborated testimony of a sexual assault victim is sufficient to convict a defendant and concluding, because Pa.S.S.Crim.J.I § 4.13B comports with Pennsylvania law, appellant's claim that such instruction was error was meritless). Moreover, it is axiomatic that "the uncorroborated testimony of a sexual assault victim, if believed by the trier of fact, is sufficient to convict a defendant." **Commonwealth v. McDonough**, 96 A.3d 1067, 1069 (Pa. Super. 2014), *appeal denied*, 108 A.3d 34 (Pa. 2015). Accordingly, as the jury instruction accurately apprised the jury of the law, Appellant's claim is wholly frivolous. **See Conaway**, *supra*.

Based on the foregoing discussion, we agree with counsel that Appellant's claim on appeal is wholly frivolous. However, our independent review of the record has disclosed that Appellant's sentence is illegal. **See Flowers**, *supra*. It is well established that legality of sentence challenges are non-waivable, and this Court may raise such challenges *sua sponte*.

***Commonwealth v. Watley***, 81 A.3d 108, 118 (Pa. Super. 2013) (*en banc*), *appeal denied*, 95 A.3d 277 (Pa. 2015). "Issues relating to the legality of a sentence are questions of law[.] … Our standard of review over such questions is *de novo* and our scope of review is plenary." ***Commonwealth v. Fennell***, 105 A.3d 13, 16 (Pa. Super. 2014) (citation omitted), *appeal denied*, 121 A.3d 494 (Pa. 2015). Further, "[i]f no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction." ***Commonwealth v. Wolfe***, 106 A.3d 800, 802 (Pa. Super. 2014) (citation omitted), *appeal granted*, 121 A.3d 433 (Pa. 2015). "An illegal sentence must be vacated." ***Fennell***, ***supra*** at 16. (citation omitted).

As noted, the Commonwealth notified Appellant of the potential for a mandatory minimum sentence pursuant to Section 9718 via the amended information. "Application of a mandatory minimum sentence gives rise to illegal sentence concerns, even where the sentence is within the statutory limits." ***Watley***, ***supra*** at 118. The sentencing order reveals that the trial court imposed a mandatory minimum term of ten to twenty years' imprisonment for three counts of aggravated indecent assault of a child.[6] Sentencing Order, 11/10/14, at 1-2; ***accord*** 18 Pa.C.S.A. 9718(a)(3).

_____

[6] We note our review of the transcripts reveals the Commonwealth explicitly sought application of the mandatory minimum sentence pursuant to Section 9718.2 based on Appellant's prior convictions. ***See*** N.T., 8/8/14, at 113; N.T., 11/10/14, at 6-7. The trial court specifically noted its application of Section 9718.2 at sentencing. N.T., 11/10/14, at 21. Mandatory minimum

*(Footnote Continued Next Page)*

This Court has concluded, "Section 9718 is … facially unconstitutional." *Wolfe*, *supra* at 805. As no statutory authorization existed for the imposition of the sentence, we conclude the sentence is illegal. *Id.* at 802.

Based on the foregoing discussion, we conclude the issue raised by counsel is frivolous. However, our independent review has revealed the trial court has imposed an illegal sentence. Therefore, we vacate Appellant's judgment of sentence and remand for resentencing without consideration of the Section 9718 mandatory minimum. Additionally, we deny counsel's petition to withdraw.

Judgment of sentence vacated. Case remanded for resentencing. Petition to withdraw as counsel denied. Jurisdiction Relinquished.

---

*(Footnote Continued)* ───────

sentences based on prior convictions are not unconstitutional, as prior convictions are sentencing factors and not elements of offenses. *Commonwealth v. Reid* 117 A.3d 777, 784-785 (Pa. Super. 2015). Accordingly, the mandatory twenty-five year sentences imposed for IDSI with a child and one count of aggravated indecent assault of a child are legal. While the trial court was silent as to the application of the mandatory minimum sentence pursuant to Section 9718 at sentencing, the Commonwealth informed the trial court of the mandatory minimum. *See* N.T., 11/10/14, at 12 (the Commonwealth informed the trial court that the aggravated indecent assault charges carry a "mandatory of ten years[' imprisonment] because of the age of the child[]"). Further, the trial court indicated on its sentencing order that the ten-year sentences it imposed were pursuant to mandatory sentences. Sentencing Order, 11/10/14, at 1-3.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>12/30/2015</u>